UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID CHRISTIAN DeJONGE,

    Petitioner,

v.                                          Case No. 1:16-CV-980

DeWAYNE BURTON,                     HON. GORDON J. QUIST

    Respondent.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

      This is a habeas corpus proceeding filed by state prisoner David DeJonge under 28 U.S.C. § 2254. On October 5, 2009, a jury in Kalkaska County Circuit Court found DeJonge guilty of first-degree murder of Sarah Wilson and mutilation of her dead body. The trial court sentenced DeJonge to life without parole for the murder and 95–180 months' imprisonment for the mutilation. On August 4, 2016, DeJonge filed a habeas corpus petition. (ECF No. 1.) After extensive briefing by DeJonge and the Michigan Attorney General's office, Magistrate Judge Phillip Green issued a 72-page Report and Recommendation (R & R), recommending that the Court deny DeJonge's petition on the merits and deny DeJonge a certificate of appealability. (ECF No. 28.) DeJonge filed two motions for extensions of time to file objections to the R & R; the Court granted both in part, granting DeJonge a total extension of 59 days with a deadline of August 13, 2018. (ECF Nos. 31 & 35.) The Court cautioned DeJonge that "[a]n objection to a report and recommendation is not an opportunity for a do-over." (ECF No. 35 (citing *Whittum v. Saginaw Cnty.*, No. 02-10313, 2005 WL 3271810, at *4 (E.D. Mich. Nov. 22, 2005).) On August 13, 2018, DeJonge mailed his 122-page objection to the Court. (ECF No. 36 at PageID.3892.) DeJonge

complains that the Court "did not allow sufficient time extensions for this pro per litigant to properly research and articulate each objection." (*Id.* at PageID.3890.)

Under Federal Rule of Civil Procedure 72(b), a party "may serve and file specific written objections" to the R & R, and the Court is to consider any proper objection. Local Rule 72.3(b) likewise requires that written objections "shall specifically identify the portions" of the R & R to which a party objects. Under 28 U.S.C. § 636(b), upon receiving objections to a report and recommendation, the district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." After conducting a de novo review of the R & R, DeJonge's objections and the pertinent portions of the record, the Court concludes that the R & R should be adopted.

Although DeJonge does make specific objections to the language and conclusions of the R & R, the substance of his objections is duplicative of the arguments he made in his original petition (ECF No. 1) and his reply to the government's response (ECF No. 18). DeJonge otherwise incorrectly asserts that the magistrate judge applied the wrong standard or misread the law—*e.g.*, "The Magistrate . . . knows this is an incorrect usage [of precedent] because he obscurely tries to hide the fact. . . . [T]he Magistrate misrepresents the issue and proper habeas [standard of] review." (ECF No. 36 at PageID.3852.) The Court disagrees. Having reviewed the R & R and DeJonge's briefs under de novo review, the Court finds no error in the R & R's conclusions and recommendations and finds that DeJonge's objections are without merit. The Court need not "do over every step done by a magistrate judge on which there was some objection. De novo review means review without any deference; it does not mean that a district judge must redo the case without consideration of what the magistrate judge has written." *Marbury v. Hudson*, No. C-3:05-CV-270, 2009 WL 1546085, at *3 (S.D. Ohio June 3, 2009).

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if DeJonge has demonstrated a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The Sixth Circuit has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* at 467. Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473, 120 S. Ct. 1595 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of DeJonge's claims under the *Slack* standard.

Under *Slack*, 529 U.S. at 484, 120 S. Ct. at 1604, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." The Court finds that reasonable jurists could not find that this Court's dismissal of DeJonge's claims was debatable or wrong. Therefore, the Court will deny DeJonge a certificate of appealability.

Therefore,

**IT IS HEREBY ORDERED** that the Magistrate Judge's Report and Recommendation (ECF No. 28) is **APPROVED AND ADOPTED** as the Opinion of this Court, and Petitioner's Objections (ECF No. 36) are **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

A separate judgment will issue.

Dated: October 11, 2018                          /s/ Gordon J. Quist
                                                 GORDON J. QUIST
                                                 UNITED STATES DISTRICT JUDGE